**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **THERMOLIFE INTERNATIONAL, LLC**,<br><br>Plaintiff,<br><br>v.<br><br>**HI-TECH PHARMACEUTICALS, INC.**; **JARED WHEAT**; **A1 SUPPLEMENTS, INC.**; **DPS NUTRITION**; **SUPPLEMENT CENTRAL**; **I-SUPPLEMENTS.COM**; **EVITAMINS**; **SUPPZ, INC.**; **SUPPLEMENTWAREHOUSE.COM**; **ISLAND SUPPLEMENTS**; **NETNUTRI**; **MUSCLE FOODS USA**; **BLACK DIAMOND SUPPLEMENTS**; and **NUTRITION JUNGLE**,<br><br>Defendants. | Case No.: 1:15-cv-00892-ELR |

**THIRD-PARTY DEFENDANT RON KRAMER'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS HI-TECH PHARMACEUTICALS, INC.'S COMPLAINTS UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

Third-Party Defendant Ron Kramer respectfully moves to dismiss Counts I-X of Defendant and Counter-Plaintiff Hi-Tech Pharmaceuticals, Inc.'s ("Hi-Tech's") Original Third-Party Complaint [Dkt. No. 20] and Counts I-X and XIII-

XIV of Hi-Tech's Amended Third-Party Complaint [Dkt. No. 126] with prejudice under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## I. INTRODUCTION

Hi-Tech's Original and Amended Third-Party Complaints should be dismissed as to Ron Kramer for lack of personal jurisdiction. Mr. Kramer does not have sufficient—let alone any—minimum contacts with the State of Georgia such that this Court can exercise personal jurisdiction over him consistent with the Due Process Clause and Georgia's long-arm statute. Indeed, Mr. Kramer has absolutely ***no*** individual contacts with this jurisdiction. Consequently, Hi-Tech's claims against Mr. Kramer should be dismissed under Fed. R. Civ. P. 12(b)(2).

Moreover, and as fully set forth in ThermoLife International, LLC's ("ThermoLife's") Brief in Support of Its Motion to Dismiss Hi-Tech's Counterclaims Under Fed. R. Civ. P. 12(b)(6) [Dkt. No. 45-1] and its Reply to Hi-Tech's Opposition to the same [Dkt. No. 83], which are hereby incorporated by

---

[1] Mr. Kramer has yet to appear in this case—his deadline to respond to Hi-Tech's Original Third-Party Complaint [Dkt. No. 20] was September 21, 2015. Prior to that deadline, however, Hi-Tech filed its Amended Third-Party Complaint [Dkt. No. 126]; thus Mr. Kramer now seeks dismissal of both Hi-Tech's Original and Amended Third-Party Complaints.

reference, Hi-Tech's claims against Mr. Kramer as an individual—like its claims against ThermoLife—are implausible, contrary to patent law, and devoid of meaningful and substantial allegations, and as such, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. ARGUMENT

### A. This Court Lacks Personal Jurisdiction over Mr. Kramer

At the outset, it is important to note that Hi-Tech bears the burden of establishing that this Court has personal jurisdiction over Mr. Kramer. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *see also Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1371 (N.D. Ga. 2013). And where, as here, "the defendant submits affidavits contrary to allegations in the complaint . . . [Hi-Tech must] produce evidence supporting personal jurisdiction . . . ." *Stubbs*, 447 F.3d at 1360. Hi-Tech cannot satisfy this burden or produce such evidence.

Hi-Tech alleges that this Court can exercise personal jurisdiction over Mr. Kramer under O.C.G.A. § 9-10-91—Georgia's long-arm statute. *See* Hi-Tech's Original Third Party Complaint, Dkt. No. 20 at ¶ 7; Hi-Tech's Amended Third Party Complaint, Dkt. No. 126 at ¶ 7. It cannot.

In a case such as this, "where the jurisdictional question is intimately involved with a [party's] patent claim" the Court applies Federal Circuit law. *See Tillotson Corp. v. Top Glove SDN. BHD.*, No. CIVA 4:05-cv-0232 RLV, 2006 WL 3709559, at *3 (N.D. Ga. Nov. 27, 2006) (citing *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359-60 (Fed. Cir. 2001)); *see also Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1338 (Fed. Cir. 2006). According to the Federal Circuit, "Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed*, 249 F.3d at 1359. And as the Georgia Supreme Court has held, Georgia's long-arm statute confers jurisdiction to the extent permitted by the Due Process Clause. *See Innovative Clinical & Consulting Servs., LLC v. First National Bank of Ames, Iowa*, 279 Ga. 672, 674-75 (2005). Thus, "because Georgia's long-arm statute is coextensive with the limits of due process, determining personal jurisdiction according to Federal Circuit law collapses into a single inquiry: whether exercise of personal jurisdiction comports with the requirements of due process." *Tillotson*, 2006 WL 3709559, at *3; *see also Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1329 (Fed. Cir. 2009). Here, Mr. Kramer lacks sufficient minimum contacts with the State of

Georgia to satisfy the Due Process Clause, and consequently, Hi-Tech's third-party complaints should be dismissed.

Due process requires that a nonresident defendant, such as Mr. Kramer, have "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (explaining that "the constitutional touchstone [is] whether the defendant purposefully established minimum contacts in the forum State"). Under Federal Circuit law, this analysis involves three inquiries: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Inamed*, 249 F.3d at 1360. Moreover, to comport with the requirement of due process, "defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Thus, in order to satisfy the Due Process Clause here, Hi-Tech must show that Mr. Kramer has sufficient contacts with Georgia such that he has "fair warning that a

particular activity may subject [him] to" foreign jurisdiction. *Burger King*, 471 U.S. at 472. Hi-Tech has failed to make such a showing.

Indeed, Mr. Kramer has no meaningful contacts with Georgia—much less the types of contacts required under *International Shoe* and its progeny. In particular, Mr. Kramer is not a citizen of Georgia, and he does not own, possess, or control any real or personal property in the State of Georgia. *See* Declaration of Ron Kramer ("Kramer Decl.") (Attached hereto as Ex. A) at ¶¶ 2-3. Furthermore, Mr. Kramer does not have, nor has he ever had, a Georgia address or telephone number, or any bank accounts in the State of Georgia. *See id.* at ¶¶ 4-5. Beyond that, Mr. Kramer does not currently pay, and has never paid, taxes in or to the State of Georgia, he has never committed a tort within the State of Georgia, and he has never marketed, distributed, or sold goods and/or services in the State of Georgia in an individual capacity. *See id.* at ¶¶ 6-9. Given that Mr. Kramer has absolutely ***no*** personal contacts with the State of Georgia, it would offend principles of fair play and substantial justice to hale him into a court 2000 miles away and require him to personally defend himself against Hi-Tech's baseless allegations in the Northern District of Georgia.

Moreover, jurisdiction is only proper "where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the

forum state." *Burger King*, 471 U.S. at 475 (emphasis in original). Mr. Kramer has not, *himself*, come close to performing actions sufficient to create substantial connections with the State of Georgia, and Hi-Tech's Original and Amended Third-Party Complaints do not allege otherwise. In fact, as explained fully in ThermoLife's briefs in support of its motion to dismiss Hi-Tech's original counterclaims [Dkt. Nos. 45-1 and 83], the only purported connections Mr. Kramer has to Georgia arise from his position as ThermoLife's CEO. *See* Hi-Tech's Original Third Party Complaint, Dkt. No. 20 at ¶ 31; Hi-Tech's Amended Third Party Complaint, Dkt. No. 126 at ¶ 32. If such paltry allegations were sufficient to sustain personal jurisdiction under the Due Process Clause, then every corporate officer should "reasonably be expected to be haled into court" in any forum where his or her company is involved in litigation. That is not the law, and Hi-Tech's conclusory allegation, without more, is not sufficient to support foreign jurisdiction over Mr. Kramer where he lacks ***any*** personal contacts with Georgia, much less the constitutionally required minimum contacts. Without alleging a single fact to show that Mr. Kramer, *himself*, has purposefully directed his actions toward Georgia, it would be unfair and unjust to expect him to personally defend himself in this Court. As such, Hi-Tech's third-party complaints should be dismissed for lack of personal jurisdiction.

### B. Hi-Tech's Original and Amended Third-Party Complaints Fail to State a Claim against Mr. Kramer Individually

Hi-Tech has failed to allege sufficient facts to support its claims against Ron Kramer individually. As referenced repeatedly herein, ThermoLife and Hi-Tech have fully briefed the issue of whether Hi-Tech's Original Third-Party Complaint fails to state a claim against Mr. Kramer as an individual, and Mr. Kramer respectfully refers the Court to those briefs and accompanying exhibits: ThermoLife's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [Dkt. No. 45] and its brief in support of the same [Dkt. No. 45-1]; Hi-Tech's Brief in Opposition to ThermoLife's Motion to Dismiss [Dkt. No. 64]; and ThermoLife's Reply to Hi-Tech's Opposition to ThermoLife's Motion to Dismiss [Dkt. No. 83]. The Court is currently considering those papers. *See* Aug. 11, 2015 Docket Entry: Submission of 45 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Counterclaims I-X and XII . . . Submitted to District Judge Eleanor L. Ross. Thus, for the Court's convenience, Mr. Kramer will not repeat the exact arguments that are already before the Court for consideration; however, for the same reasons provided in ThermoLife's previous briefing, the Court should dismiss Counts I-X of Hi-Tech's Original and Amended Third-Party Complaints against Mr. Kramer for failure to state a claim.

Additionally, in Counts XIII and XIV of Hi-Tech's Amended Third-Party Complaint, Hi-Tech alleges that ThermoLife and Mr. Kramer engaged in anticompetitive conduct that forms the basis for claims of monopolization and attempt to monopolize under § 2 of the Sherman Act. *See* Dkt. No. 126 at ¶¶ 231-244. In particular, Hi-Tech seeks relief from ThermoLife and Mr. Kramer under the *Walker-Process* and *Handgards* theories. Neither claim is supported by factual allegations, and should be dismissed.

**1. *Walker Process* Allegations**

The *Walker Process* theory is an antitrust theory upon which a defendant accused of patent infringement may sue a plaintiff patent owner for asserting a patent procured by fraud on the patent office. *See Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 174 (1965). A successful *Walker Process* claim requires proof of "(1) a false representation or deliberate omission of a fact material to patentability, (2) made with the intent to deceive the patent examiner, (3) on which the examiner justifiably relied in granting the patent, and (4) but for which misrepresentation or deliberate omission the patent would not have been granted." *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1364 (Fed. Cir. 1998). While the amended complaint generally makes bare allegations that ThermoLife and Mr. Kramer procured the patents-in-suit by fraud on the patent

office, it does not, however, allege any *facts* that would "raise a reasonable expectation that discovery will reveal evidence" that the patents-in-suit had in fact been procured by fraud on the patent office. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Accordingly, the antitrust claims predicated on the *Walker Process* theory should be dismissed.

**2. *Handgards* Allegations**

The *Handgards* theory is an antitrust theory upon which an infringement defendant may sue a plaintiff patent owner for pursuing the patent suit "in bad faith." *See Handgards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282, 1288, 1295 n.18 (9th Cir. 1984). The Amended Third-Party Complaint does not adequately plead the monopolization claim or the attempt to monopolize claim under the *Handgards* theory. Unlawful monopolization involves two elements: (1) "the possession of monopoly power in the relevant market," and (2) "the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004); *see also Cobb Theatres III v. AMC Entm't Holdings, Inc.*, No. 1:14-cv-00182-ELR, 2015 WL 1812832, at *13 (N.D. Ga. Mar. 20, 2015). A private claimant seeking damages must also show that the monopolization caused it to

suffer an "antitrust injury." *Thompson v. Metro. Multi-List, Inc.*, 934 F.2d 1566, 1571-72 (11th Cir. 1991). Attempted monopolization requires a showing of: (1) "predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power" in the relevant market. *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1074 (11th Cir. 2004) (punctuation and citation omitted); *see also Cobb Theatres III*, 2015 WL 1812832, at *13. Claims under § 2 of the Sherman Act "require harm to competition that must occur within a 'relevant,' that is, a distinct market, with a specific set of geographical boundaries and a narrow delineation of the products at issue." *Id.* (citation omitted). The Amended Third-Party Complaint, however, never defines the relevant geographic market. Additionally, "[i]n order to fall within § 2, the monopolist must have . . . the intent to monopolize." *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 603 n.28 (1985) (citation omitted). Again, the Amended Third-Party Complaint is silent as to any facts to support ThermoLife's and Mr. Kramer's intent. And while the accused monopolist must possess enough power or potential power in the relevant market that it could harm competition, *see Spanish Broad. Sys. of Fla., Inc.*, 376 F.3d at 1074 (punctuation and citation omitted), market share is a typical indicator of monopoly power. *United States v. Grinnell Corp.*, 384 U.S. 563, 571 (1966); *U.S.*

*Anchor Mfg., Inc. v. Rule Indus., Inc.*, 7 F.3d 986, 999 (11th Cir. 1993) ("The principal measure of actual monopoly power is market share . . . ."). Yet Hi-Tech's Amended Third-Party Complaint is silent as to ThermoLife's and Mr. Kramer's share of the relevant market as a result of its alleged anti-competitive activities.

Moreover, to assert a claim under Sherman Act, the complainant must have suffered an "injury of the type the antitrust laws were intended to prevent" that was caused by the anticompetitive activity. *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977). The purpose of antitrust laws is to "protect[] . . . *competition*, not *competitors*." *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 338 (1990) (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 320 (1962)). Here, the only injury alleged for both claims are Hi-Tech's litigation costs (which should not be much given this case is not far along). Such an injury does not support an antitrust claim.

Finally, Hi-Tech fails to state a viable antitrust claims because, at their root, they are all based on litigation and litigation-related activity, which is protected from antitrust prosecution under the *Noerr-Pennington* doctrine.

## II. CONCLUSION

For the foregoing reasons Ron Kramer respectfully requests that the Court grant his motion and dismiss Counts I-X of Hi-Tech's Original Third-Party Complaint and Counts I-X and XIII-XIV of Hi-Tech's Amended Third-Party Complaint with prejudice.

Respectfully submitted this 21st day of September, 2015.

*/s/ Jason P. Grier*
Katrina M. Quicker
Ga. Bar No. 590859
Jason P. Grier
Ga. Bar No. 869343
BAKER & HOSTETLER LLP
1180 Peachtree Street, NE, Suite 1800
Atlanta, GA 30309-7512
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
kquicker@bakerlaw.com
jgrier@bakerlaw.com

Kalman Magyar (admitted *pro hac vice*)
MAGYAR & BOGLE
300 International Drive, Suite 100
Williamsville, NY 14221
Telephone: (647) 300-6163
kalman@magyarbogle.com

*Attorneys for Plaintiff ThermoLife International, LLC*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, that the foregoing THIRD-PARTY DEFENDANT RON KRAMER'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS HI-TECH PHARMACEUTICAL, INC.'S COMPLAINTS UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(6) complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

*/s/ Jason P. Grier*
Jason P. Grier
Ga. Bar No. 869343
BAKER & HOSTETLER LLP
1180 Peachtree Street, NE, Suite 1800
Atlanta, GA 30309-7512
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
jgrier@bakerlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 21st day of September 2015, I have electronically filed the foregoing THIRD-PARTY DEFENDANT RON KRAMER'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS HI-TECH PHARMACEUTICAL, INC.'S COMPLAINTS UNDER FED. R. CIV. P. 12(b)(2) AND 12(b)(6) with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/ Jason P. Grier*
Jason P. Grier
Ga. Bar No. 869343
BAKER & HOSTETLER LLP
1180 Peachtree Street, NE, Suite 1800
Atlanta, GA 30309-7512
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
jgrier@bakerlaw.com