# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| THERMOLIFE INTERNATIONAL, LLC, | ) ) ) | **CASE NO.: 1:15-cv-00892-ELR** |
| Plaintiff, | ) ) ) ) | **(Lead Case)** **1:15-cv-00893-ELR** **1:15-cv-00894-ELR** |
| HI-TECH PHARMACEUTICALS, INC., *et al.* | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court

hereby enters the following Stipulated Protective Order ("Order") as stipulated to

by Plaintiff Thermolife International LLC ("Plaintiff") and Defendants, Hi-Tech

Pharmaceuticals, Inc., Jared Wheat, A1 Supplements, Inc., DPS Nutrition,

Supplement Central, I-Supplements.com, Evitamins, Suppz, Inc.,

SupplementWarehouse.com, Island Supplements, Netnutri, Muscle Foods USA,

Black Diamond Supplements, Innovative Laboratories, Prime Nutrition, Advanced

Performance Supplements Nutrition, World Class Nutrition, All Star Health,

Lockout Industries, LLC, and Netrition, Inc. ("Defendants") (collectively the "Parties"), through their respective counsel:

**WHEREAS**, the Parties believe that certain information that may be divulged in this litigation may contain confidential information as contemplated by Federal Rule of Civil Procedure 26(c) and;

**WHEREAS**, the Parties believe that it would serve the interests of the Parties and promote judicial economy to conduct discovery under a protective order pursuant to Rule 26(c).

**NOW THEREFORE**, the Parties respectfully submit this proposed Order for entry by the Court.

In accordance with the stipulation of the Parties, for good cause shown and finding no adverse effect upon the public interest, the Court enters the following Order:

1. PURPOSES AND LIMITATIONS. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order. The Parties further acknowledge, as set forth in Section 10,

below, that this Order creates no entitlement to file confidential information under seal; the Local Rules of this Court set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.    DEFINITIONS.

2.1.    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.    Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, served, or otherwise provided in this action by the Parties or by non-parties.

2.3.    "Confidential" Information or Items: Information or any other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains, or reflects confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation,

research, trade secret, development, commercial, financial, or personnel information.

2.4. "Highly Confidential–Attorneys' Eyes Only ("AEO")" Information or Items: Information or any other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains, or reflects highly proprietary financial or technical data or highly sensitive competitive information that a producing party or producing third party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties. This designation includes Material obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing. Highly Confidential – AEO Material shall include all Material referring or relating to the foregoing, including, but not limited to, copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 5. Material designated as "Highly Confidential – AEO" is automatically subject to the prosecution bar in Section 13.

2.5. Receiving Party: A Party that receives Material from a Producing Party.

4

2.6.   Producing Party: A Party or non-party that produces Material in this action.

2.7.   Designating Party: A Party or non-party that designates information or items as "Confidential" or "Highly Confidential -AEO."

2.8.   Protected Material: Any Material that is designated as "Confidential" or as "Highly Confidential – AEO."

2.9.   Outside Counsel: Attorneys (including litigation and clerical support staff) who are counsel for a Party in this action or advise a Party in this action, but who are not now and have been in the past employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries, and have had no involvement in competitive decision-making for a Party or a Party's parents, affiliates, or subsidiaries.

2.10.   In-House Counsel: Attorneys who are employees of a Party.

2.11.   Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12.   Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been specially retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This

definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     SCOPE. The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in Court or in other settings that might reveal Protected Material.

4.     DURATION. The terms of this Order shall survive the final termination of this action to the extent that any Protected Material is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Order. The Parties agree that any order of dismissal of this action as to any or all Parties shall include a specific provision that the Court retains jurisdiction to enforce the terms of this Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

5.    DESIGNATING PROTECTED MATERIAL.

   5.1.    Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

   If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

7

5.2.    Manner of Designations: Designation in conformity with this Order requires:

(a.)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" to the Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –AEO."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –AEO") on the Protected Material.

(b.)    For testimony given in deposition or in other discovery-related proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

(c.)    For information produced in some form other than documentary, and for any other tangible items, that the Producing

9

Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

5.3.    Inadvertent Production:

(a.)    Failures to Properly Designate.  If a Party or non-party produces Material without properly labeling or otherwise designating it in accordance with the provisions of this Order, the Party or non-party may thereafter give written notice to the Receiving Party that the Material produced is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" and should be treated as such in accordance with the provisions of this Order.  The Receiving Party must treat such Material according to its most recent designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" from the date such notice is received.  If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party shall make reasonable efforts to assure that the Material is treated in accordance with the provisions of this Order, including retrieving any copies that may have been disclosed to

unqualified recipients.  Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

(b.)    No Waiver of Privilege.  The production or inspection of Material that a Producing Party claims should not have been produced or disclosed because of the attorney-client privilege, the work product immunity, or any other applicable privilege or immunity from discovery shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled had the Material not been produced or disclosed.  Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced Material.  The return of such Material shall not in any way preclude the Receiving Party from moving the Court for a ruling that the Material was never privileged or that the privilege was otherwise waived on some other basis.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1.    Challenges: The Designating Party shall use reasonable care when designating Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO".  Nothing in this Order shall prevent a Receiving Party from contending that any Material has been improperly designated.  If the Receiving Party disagrees

with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and, in addition to the written notice, must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3.    Judicial Intervention: A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must (a) be made in strict compliance with Local Rules 7.1, 7.2, and 37.1; (b) accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph; and (c) set forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1.    Basic Principles: Unless previously filed or lodged with the Court, all discovery materials produced in this litigation (including Protected Material) and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this litigation and not for any other purpose, including, without limitation, any business

13

or commercial purpose, or dissemination to the media or public. Any person in possession of Protected Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Protected Material in order to ensure that the confidential nature of the Protected Material is maintained. If Protected Material is disclosed or comes into the possession of any person other than in the manner authorized by this Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity, the Designating Party) of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Protected Material and to prevent further disclosure. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

14

Receiving Party may disclose any information or item designated

CONFIDENTIAL only to:

(a.)   the Receiving Party's Outside Counsel;

(b.)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c.)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A ("Exhibit A");

(d.)   the Court and its personnel;

(e.)   court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f.)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order;

(g.)   the author of the document or the original source of the information; and

(h.) bank regulators of the Receiving Party to whom disclosure is required for the purposes of bank regulation or auditing, such disclosure shall be governed by any and all applicable confidentiality agreements between the bank regulator and the Receiving Party.

7.3. Disclosure of "HIGHLY CONFIDENTIAL – AEO" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – AEO" only to:

(a.) The Receiving Party's Outside Counsel;

(b.) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the Exhibit A;

(c.) The Court and its personnel;

(d.) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e.) The author of the document or the original source of the information; and

(f.)   Bank regulators of the Receiving Party to whom disclosure is required for the purposes of bank regulation or auditing, such disclosure shall be governed by any and all applicable confidentiality agreements between the bank regulator and the Receiving Party.

8.   DISCLOSURE TO EXPERTS.

8.1   Confidentiality Agreement: An Expert's access to Protected Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Expert execute Exhibit A. Exhibit A shall be retained by Outside Counsel for the Party that retained the Expert but need not be disclosed to any other Party.

8.2   Written Notice: Before a Receiving Party may disclose, directly or indirectly, any Protected Material to an Expert, the Receiving Party must give written notice to the Producing Party of the Expert's current curriculum vitae.

8.3   Objection: A Party that makes a written notice and provides the information specified in the preceding paragraph may disclose the Protected Material to the identified Expert unless, within three (3) business days of the written notice (plus three (3) additional business days if notice is given other than

by hand delivery, email, or facsimile transmission), the Producing Party objects in writing.

8.4    Judicial Intervention: If an objection is made, the Parties shall meet and confer to try to resolve the dispute by agreement.  If no agreement is reached, the objecting Party may move the Court for an order that access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" be denied the designated individual, or other appropriate relief.  Such motion must be made in strict compliance with Local Rules 7.1, 7.2, and 37.1.  If such a motion is made by the objecting Party, no disclosure of any such Protected Material shall be made by the Receiving Party to any Expert to whom an objection has been made unless and until the Court rules on such motion.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) within seven (7) court days after receiving the subpoena or order.  Such a notification must include a copy of the subpoena or the court order.

18

The Receiving Party also must inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized

19

disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     FILING PROTECTED MATERIAL. Further to complying with Local Rules 5.1, 5.2, and 7.1, if any paper(s) or document(s) or portion(s) thereof to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential – AEO," the proposed filed papers or documents or portions thereof shall comply with the procedures provided in Section II(J) of Appendix H to the Court's Local Civil Rules. Specifically, the proposed filed paper(s) or document(s) or portion(s) thereof will be accompanied by a motion for leave to file under seal, a supporting brief, and a proposed order granting the motion directed to the presiding judge. The proposed paper(s) or document(s) or portion(s) thereof will be provisionally filed electronically under seal in its entirety. The supporting brief will: (i) identify, with specificity, the paper(s) or document(s) or portion(s) thereof for which sealing is requested; (ii) explain (for each paper or document or portion thereof) the reasons sealing is necessary; (iii) explain (for each paper or document or portion thereof) why less drastic alternatives than sealing will not provide adequate protection; and (iv) address the factors governing sealing of the paper(s) or document(s) or portion(s)

20

thereof reflected in controlling case law (*Romero v. Drummond Co.,* 480 F.3d 1234, 1245-48 (11th Cir. 2007)).

12.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or otherwise destroy all such Protected Material that can be located after a reasonable search.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party shall submit upon written request from the Producing Party a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within five (5) days of such request that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has made a reasonable search for and has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials

21

contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 ("DURATION"), above.

13.    MISCELLANEOUS.

13.1. Injunctive Relief: The Parties acknowledge that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law.  If anyone violates or threatens to violate the terms of this Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Party does so, any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

13.2. Right to Further Relief: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.3. Right to Assert Other Objections: By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**IT IS SO STIPULATED:**

/s/Arthur W. Leach
Arthur W. Leach (GA Bar No. 442025)
C.L. Parker (GA Bar No. 722011)
Law Offices of Arthur W. Leach
5780 Windward Parkway, Suite 225
Alpharetta, GA 3005
Telephone: (404) 786-6443
Facsimile: (678) 624-9852
Email: Art@ArthurWLeach.com
Email: CL@clparkerllc.com

*Attorneys for Defendants, Hi-Tech
Pharmaceuticals, et al.*

/s/ Nathaniel L. Dilger
Nathaniel L. Dilger (*Pro Hac Vice*)
(California Bar No. 196203)
One LLP
4000 MacArthur Blvd., Suite 500
East Tower
Newport Beach, CA. 92660
Telephone: (949) 502-2875
Facsimile: (949) 258-5081
Email: ndilger@onellp.com

/s/ Cammi R. Jones
Cammi R. Jones
(GA Bar No. 398999)
Fisher Broyles, LLP
Northpark Town Center
1200 Abernathy Road
Building 600, Suite 1700
Atlanta, GA 30328
Telephone: (404) 551-3585
Facsimile: (404) 478-6834
Email: cammi.jones@fisherbroyles.com

*Attorneys for Plaintiff, ThermoLife
International, LLC*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 11/13/2018

_____
HONORABLE ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE

23

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Northern District of Georgia on

_____ [date] in the case of *Thermolife International, LLC v. Hi-Tech*

*Pharmaceuticals, Inc., et al.*, Case No. 1:15-cv-00892-ELR.  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Northern District of Georgia for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

24

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my Georgia agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____