**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THERMOLIFE INTERNATIONAL, LLC, | ) | |
| | ) | |
| | ) | **1:15-cv-00892-ELR** |
| Plaintiff, | ) | **(Lead Case)** |
| | ) | 1:15-cv-00893-ELR |
| v. | ) | 1:15-cv-00894-ELR |
| | ) | |
| HI-TECH PHARMACEUTICALS, INC., JARED WHEAT, ADVANCED PERFORMANCE SUPPLEMENTS NUTRITION, INNOVATIVE LABORATORIES AND PRIME NUTRITION, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | / | |

**DEFENDANTS' MOTION FOR LEAVE TO**
**SUBSTITUTION EXPERT WITNESS**

Defendants, Hi-Tech Pharmaceuticals, Inc., Jared Wheat, Advanced Performance Supplements Nutrition, Innovative Laboratories and Prime Nutrition (collectively, "Defendants"), by and through undersigned counsel, file this Motion for Leave to Substitute Expert Witness, and in support thereof, respectfully state as follows:

1.    In March 2026, counsel for Defendants learned of the unfortunate death of their designated technical expert, Dr. Steve Bannister.

2.    Defense counsel subsequently contacted counsel for ThermoLife International, LLC ("ThermoLife") to advise of this development and discuss the manner in which it could be addressed given the procedural posture in this matter.

3.    During a first telephonic conference between counsel for the parties, ThermoLife's counsel proposed that Defendants identify a new expert witness who would adopt the prior opinions of Dr. Bannister.

4.    Pursuant to a request by ThermoLife's counsel in a follow-up conference, defense counsel outlined a proposal in greater detail, *via* email dated April 13, 2026.

5.    The proposal read as follows:

- Defendants will select a new technical expert
- The new expert will be provided with Dr. Steve Bannister's reports, the relevant materials cited therein, the expert reports of ThermoLife's expert, Dr. Thomas Bannister and the relevant materials cited therein
- The new expert will adopt the prior opinions of Dr. Steve Bannister as expressed in the three Bannister reports
- The new expert will generate three expert reports which will be identical to Dr. Bannister's except in those instances which are specific to the expert himself (i.e., name, bio, resume, prior testimony, publications etc.)
- ThermoLife will be given an opportunity to depose the new expert at a mutually agreeable date and time
- The parties will stipulate that the new expert shall act and be treated as an original expert in the case

2

- The parties will stipulate that Dr. Steve Bannister's prior reports, opinions and testimony shall not be used at trial
- The parties shall cooperate to prepare and file with the court a proposed stipulation outlining the above and requesting approval for same once agreement is reached

Exhibit A.

6.    This proposal was made with the understanding that ThermoLife would provide feedback in the interest of filing a joint stipulation with the Court.

7.    On April 28, 2026, defense counsel sent a follow-up email requesting feedback. On May 2, 2026, counsel for ThermoLife responded that he would "check with the team this week and get back to you." *Id.*

8.    After receiving no substantive response, defense counsel followed up again on May 22, 2026 requesting ThermoLife's position regarding the proposed stipulation. That same day, counsel for ThermoLife responded that "[w]e'll get back to you early next week." *Id.*

9.    As of the filing of this Motion, counsel for ThermoLife has not provided any comments regarding the terms of its own proposal.

10.    Accordingly, Defendants had no choice but to pursue relief through motion practice.

3

11.     As a result of Dr. Steve Bannister's death, Defendants seek leave of Court to designate a substitute expert witness, provide an expert report and allow his deposition to be taken outside of the original scheduling deadlines.

12.     More specifically, Defendants seek permission to (1) select a new technical expert; (2) provide the new expert with Dr. Steve Bannister's reports, the relevant materials cited therein, the expert reports of ThermoLife's expert, Dr. Thomas Bannister and the relevant materials cited therein; (3) have the new expert review the materials provided; (4) have the new expert adopt the prior opinions of Dr. Steve Bannister as expressed in the three Dr. Steve Bannister reports; (5) have the new expert generate three expert reports which will be derived from Dr. Bannister's reports except in those instances which are specific to the expert himself and limited to the topics on which Dr. Steve Bannister previously opined; and (6) provide ThermoLife with an opportunity to depose the new expert at a mutually agreeable date and time.

13.     In light of the foregoing, there is good cause for Defendants' request for leave and ThermoLife will not be prejudiced by the relief requested. This Motion is not filed for the purpose of delay or for any improper purpose. Defendants have acted as quickly as possible to file this Motion upon learning of their designated expert's passing and the attempt to negotiate his substitution with ThermoLife.

4

14.    A proposed order is attached for the Court's convenience.

June 5, 2026                              Respectfully submitted,

                                         *s/ Gregory L. Hillyer*
                                         Hillyer Legal, PLLC
                                         Admitted Pro Hac Vice
                                         5335 Wisconsin Avenue, N.W.
                                         Suite 440
                                         Washington, D.C. 20015-2052
                                         Phone: (202) 686-2884
                                         ghillyer@hillyerlegal.com

                                         Arthur W. Leach (Georgia Bar No. 442025)
                                         C.L. Parker (Georgia Bar No. 722011)
                                         Jessica H. Leach (Georgia Bar. No. 742326)
                                         The Law Office of Arthur W. Leach
                                         5780 Windward Parkway, Suite 225
                                         Alpharetta, Georgia 30005
                                         Tel:404-786-6443
                                         Art@ArthurWLeach.com
                                         CL@clparkerllc.com
                                         Jessica@ArthurWLeach.com

5

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to L.R. 5.1C and 7.1D of the Northern District of Georgia, that the foregoing Motion complies with the font and point selections approved by the Court in L.R. 5.1C.  The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

/s/ *Gregory L. Hillyer*
Gregory L. Hillyer

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, a true and correct copy of the foregoing Motion was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

/s/ *Gregory L. Hillyer*
Gregory L. Hillyer